# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MICHAEL W. YODER<br><br>Plaintiff,<br><br>v.<br><br>PAUL KIRKPATRICK et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-CV-257 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Michael W. Yoder, an inmate housed at the Lexington Correctional Facility in Oklahoma, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2011). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. 1915 (West 2011). Before the court are the following motions: (1) Plaintiff's motion to strike Defendant Etherington's reply brief supporting his motion to dismiss (Doc. no. 75); (2) Defendant Etherington's Motion to Dismiss (Doc. no. 48); (3) Plaintiff's Motion to Strike errors in his Amended Complaint (Doc. no. 55); (4) Plaintiff's Motion to Strike certain affirmative defenses from Defendants' answers (Doc. no. 79); (5) Plaintiff's Motion to Strike the answers of certain defendants (Doc. nos. 79 & 81); (6) Plaintiff's Motion for Entry of Default against certain defendants (Doc. no. 83); (7) Plaintiff's motions for service of process (Doc. nos. 85 & 115); (8) Plaintiff's Motion for Sanctions (Doc. no. 110); (8) Defendants' motions to stay (Doc. nos. 88 & 91); and, (11) Plaintiff's Motion to Stay regarding Defendants' summary judgment motion (Doc. no. 145). Each motion will be addressed in turn.

## ANALYSIS

### I.  Plaintiff's Motion to Strike Defendant Etherington's Reply Brief

Plaintiff moves to strike Defendant Etherington's reply brief supporting his motion to dismiss.  Plaintiff asserts that the brief should be stricken because a copy was not properly served upon him.  As Defendant Etherington points out, however, the Certificate of Service attached to the reply brief shows that a copy was mailed to Plaintiff on July 18, 2011, by Shauna Wada, legal secretary to Defendant Etherington's counsel.  Moreover, in response to Plaintiff's motion to strike, Defendant Etherington's counsel provided an additional copy to Plaintiff. Thus, Plaintiff's motion to strike (Doc. no. 75) is DENIED.

### II.  Defendant Etherington's Motion to Dismiss

#### A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) requires the court to decide whether the factual allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  In other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C.*
*v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The "requirement of plausibility serves not
only to weed out claims that do not (in the absence of additional allegations) have a reasonable
prospect of success, but also to inform the defendants of the actual grounds of the claim against
them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and
draw reasonable inferences from those facts in favor of the non-moving party.  *Ridge at Red*
*Hawk, L.L.C.*, 493 F.3d at 1177.  However, legal conclusions, deductions, and opinions couched
as facts are not presumed to be true, and the court must disregard conclusory allegations without
supporting factual averments.  *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263
F.3d 1151, 1154-55 (10th Cir. 2001).  When a civil rights complaint contains only "bare
assertions" involving "nothing more than a 'formulaic recitation of the elements' of a
constitutional . . . claim," the court considers those assertions conclusory and does not afford
them the presumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting
*Twombly*, 550 U.S. at 554-55).

**B.  Plaintiff's Allegations**

Plaintiff alleges that Defendant Etherington violated Plaintiff's due process and equal
protection rights by submitting a false report to the Utah Board of Pardons and Parole ("Parole
Board").  Specifically, Plaintiff alleges that:

1.     "Michael W. YODER was at all times relevant to the events and claims hereto a
prisoner in the custody of the Utah Department of Corrections ("UDOC"), and incarcerated at

3

the Utah State Prison, Draper, Utah ("USP")."  (First Amended Complaint, ¶ 3, Docket #37.)

2.      "Defendant Jeremy ETHERINGTON was, at all times relevant to him herein, a Mental Health clinician at USP."  (First Amended Complaint, ¶ 23, Docket #37.)

3.      "Defendant ETHERINGTON generated a report to the Parole Board dated 27-Sept-07, regarding Plaintiff's involvement in SOTP [Sex Offender Treatment Programming]. (ETHERINGTON Report)."  (First Amended Complaint, ¶¶ 107, 260, Docket #37.)

4.      "The Etherington Report falsely stated the Plaintiff's SOTP record was wanting." (First Amended Complaint, ¶ 267, Docket #37).

5.      The "false and misleading statements and innuendo to the Parole Board [] contributed to the Parole Board returning a 'natural life' sentence to Plaintiff."  (First Amended Complaint, ¶ 310, Docket #37.)

6.      "Plaintiff was and continues to be improperly denied SOTP," which, Plaintiff claims, means he can "never be considered for parole . . . ."  (First Amended Complaint, ¶ 311, Docket #37.)

7.      "By virtue of the Defendants' actions . . . Plaintiff was deprived of equal and fair Due Process before the Parole Board."  (First Amended Complaint, ¶ 275, Docket #37.)

### C.  Sufficiency of Plaintiff's Claims

Plaintiff's allegations fail to state a plausible due process claim against Defendant Etherington.  "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property."  *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Thus, the first step in evaluating any due process claim is to determine whether the allegations

4

implicate liberty or property interests protected under the U.S. Constitution.  Regarding claims of entitlement to parole, the Supreme Court has explicitly held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979).  Moreover, the Tenth Circuit has explicitly stated that Utah's parole statutes do not create a liberty interest entitling prisoners to federal constitutional protection.  *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).  Thus, even accepting Plaintiff's allegations as true, they are not sufficient to state a due process claim against Defendant Etherington because they do not show that Plaintiff was deprived of a constitutionally protected liberty or property interest.

Plaintiff's allegations also fail to state a plausible equal protection claim against Defendant Etherington.  "The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'"  *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1).  "Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'"  *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249 (1985)).  Here, Plaintiff has not alleged facts showing that he was treated differently from similarly situated prisoners, nor has he plausibly alleged that there was no rational basis for any supposed disparate treatment.

Thus, Defendant Etherington's motion to dismiss (Doc. no. 48) is GRANTED.

### III.  Plaintiff's Motion to Strike Errors

Plaintiff's Motion to Strike Errors in Count XIII of First Amended Complaint (Doc. no. 55) merely seeks to remove the references to "cruel and unusual punishment" and "unnecessary rigor" from Count XIII of Plaintiff's Amended Complaint.  Defendants have not opposed this "motion," which is essentially only a correction to an earlier pleading.  Accordingly, this document (Doc. no. 55) shall be re-docketed as "Errata to Amended Complaint."

### IV.  Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff moves to strike each of UDOC Defendants' affirmative defenses on the grounds that they are vague and ambiguous.  The court finds Plaintiff's motion to strike entirely baseless. It is well established "that 'the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses.'" *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (quoting *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir.1988)).  Thus, Plaintiff's motion to strike UDOC Defendants' affirmative defenses (Doc. no. 79) is DENIED.

### V.  Plaintiff's Motion to Strike Answers

Plaintiff moves to strike UDOC Defendants' Answers asserting that they were not properly signed by counsel.  As Defendants' counsel points out, however, these document were properly signed electronically.  Thus, Plaintiff's motion to strike (Doc. no. 81) is DENIED.

### VI.  Plaintiff's Motion for Default Judgment

Plaintiff moves for entry of default judgment against Defendants Paul Kirkpatrick, Lowell Clark, Tom Anderson and Blake Nielsen based on their alleged failure to timely answer

Plaintiff's Amended Complaint.  According to the docket, at the time Plaintiff's motion for default was filed Defendants Kirkpatrick, Clark and Nielsen had not yet been served, while Defendant Anderson had only been served seven days previously.  Court records show that Defendant Nielsen was subsequently served on August 23, 2011 (Doc. no. 94), and filed a timely answer on September 6, 2011 (Doc. no 99).  After being granted a time extension Defendant Anderson's answer was timely filed on September 26, 2011 (Doc. no. 101).  However, there is still no record of Defendants Kirkpatrick or Clark ever being served.  Because Plaintiff has not shown that any named defendant was properly served but failed to file a timely response Plaintiff's motion for default (Doc. no. 83) is DENIED.

## VII.  Plaintiff's Motions for Service of Process

Plaintiff moves for service of process upon Trudy Short (Doc. no. 85) and D. Sparks[1] (Doc. no. 115), both of whom are named as defendants in Plaintiff's Amended Complaint.  The court previously ordered service of process upon each of these individuals (Doc. no. 42), however, there is no record that they were ever personally served.  As previously mentioned, there is also no record of service upon Defendants Kirkpatrick or Clark.  Accordingly, Plaintiff's motion for service is GRANTED and the United States Marshals Service is again directed to serve a properly executed summons and copy of Plaintiff's Amended Complaint upon Trudy Short, D. Sparks, Paul Kirkpatrick and Lowell Clark.

## VIII.  Plaintiff's Motion for Sanctions

---

[1]  This individual is identified in the Amended Complaint as Dennis Sparks, however, Plaintiff has informed the court that this first name may be incorrect.  The individual is identified in prison records as "D. Sparks" or "Lt. Sparks."

Plaintiff moves for sanctions against Defendants' counsel (Doc. no. 110) based on the alleged failure to serve Plaintiff with a copy of Defendants' Motion to File Documents Under Seal (Doc. no. 105).  According to the certificate of mailing included with Defendants' motion, however, a copy was sent to Plaintiff via United States mail on November 8, 2011, the same day it was filed with the court.  Plaintiff has not submitted any evidence refuting the Certificate of Service.  Thus, Plaintiff's motion for sanctions has no merit and is DENIED.

### IX.  Defendants' Motions to Stay

On August 8, 2011, Defendant Etherington filed a motion to stay further proceedings (Doc. no. 88) pending a decision on his motion to dismiss.  On August 18, 2011, UDOC Defendants' joined Defendant Etherington's motion and also moved for a separate stay pending filing and disposition of their motion for summary judgment (Doc. no. 91).  Based on the resolution of Defendant Etherington's motion to dismiss herein, his motion to stay is moot.

UDOC Defendants' motion asserts that a stay is necessary because Plaintiff has filed numerous meritless motions to which Defendants have had to respond at significant expense. Defendants further assert that a stay of all proceedings unrelated to summary judgment would help conserve judicial resources and more quickly move this case toward resolution.  The court agrees.  Based on Plaintiff's demonstrated pattern of filing meritless and vexatious pleadings and motions the court finds that a stay is necessary.  Accordingly, UDOC Defendants' motion to stay (Doc. no. 91) is GRANTED and the Clerk's Office is directed to lodge all further motions submitted by Plaintiff pending review by the court.  If the court finds merit to any motion submitted by Plaintiff it will direct that the motion be filed, at which point Defendants will be

required to respond in accordance with the Federal Rules of Civil Procedure.

## X. Plaintiff's Motion for Stay

On December 9, 2011, UDOC Defendants filed a Motion for Summary Judgment with supporting materials.  On December 19, 2011, Plaintiff moved to stay further summary judgment proceedings pending service of process upon the remaining unserved defendants.  Defendants filed an opposition brief asserting that a stay is unjustified because all parties necessary for resolution of their summary judgment motion are already before the court and, in any case, Defendants' dispositive arguments would apply with equal force to any unserved defendant. Although the court has directed the Marshals Service to make further efforts to serve the remaining unserved defendants, the court agrees that summary judgment proceedings need not be stayed in the meantime.  Thus, Plaintiff's Motion for Stay (Doc. no. 145) is DENIED.

## XI. Summary Judgment Instructions

Based on the foregoing, the court issues the following instructions for further proceedings in this case.  Within thirty days from the date of this order Plaintiff shall file a response to UDOC Defendants' Motion for Summary Judgment.  If Plaintiff believes that his summary judgment response is inadequate due to a lack of discoverable evidence he may also submit a motion for discovery separately identifying each document or piece of information needed to support his claims.  Plaintiff's discovery motion must clearly explain how each item of discovery sought is directly relevant to the claims or issues at bar and is necessary to his summary judgment response.  Within fourteen days after filing of such discovery motion Defendants may object to any discovery request that is not specifically tailored to meet

Defendants' summary judgment motion or otherwise fails to comply with this Order or the

Federal Rules of Civil Procedure.  Plaintiff will then have fourteen days in which to file a reply

brief on any discovery dispute.

In ruling on Plaintiff's discovery motion the court will set further deadlines for

Defendants to provide any allowed discovery and for the parties to file additional summary

judgment briefs.  Plaintiff will not be permitted to conduct any additional discovery for summary

judgment purposes.  Plaintiff should bear in mind that abuse of discovery or failure to comply

with the court's instructions will result in sanctions, which may include preclusion of evidence,

dismissal under Rule 41(b), or issuance of a summary judgment decision based on a limited

record.  Plaintiff shall also bear in mind that in responding to a summary judgment motion he

cannot rest upon the mere allegations in his pleadings.  Instead, as required under Federal Rule

of Civil Procedure 56, Plaintiff must come forth with specific facts, admissible in evidence,

showing that there is a genuine issue remaining for trial.  *See* Fed. R. Civ. P. 56.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion to strike Defendant Etherington's reply brief (Doc. no. 75) is

**DENIED**;

(2) Defendant Etherington's Motion to Dismiss (Doc. no. 48) is **GRANTED**;

(3) Plaintiff's Motion to Strike Errors in Count XIII of First Amended Complaint (Doc.

no. 55) shall be re-docketed as "Errata to Amended Complaint";

(4) Plaintiff's motion to strike UDOC Defendants' affirmative defenses (Doc. no. 79) is

**DENIED**;

(5) Plaintiff's motion to strike UDOC Defendants' Answers (Doc. no. 81) is **DENIED**;

(6) Plaintiff's motion for default judgment (Doc. no. 83) is **DENIED**;

(7) Plaintiff's motions for service of process (Doc. no. 85 & 115) are **GRANTED** and the

United States Marshals Service shall serve a properly executed summons and copy of Plaintiff's

Amended Complaint upon Trudy Short, D. Sparks, Paul Kirkpatrick and Lowell Clark;

(8) Plaintiff's motion for sanctions (Doc. no 110) is **DENIED**;

(9) Defendant Etherington's motion to stay (Doc. no. 88) is **DENIED** as moot;

(10) UDOC Defendants' motion to stay is **GRANTED** and the Clerk's Office is directed

to lodge all further motions submitted by Plaintiff pending review by the court;

(11) Plaintiff's Motion for Stay (Doc. no. 145) is **DENIED**; and,

(12) Plaintiff shall have **THIRTY DAYS** from the date of this order to respond to UDOC

Defendants' Motion for Summary Judgment and, if necessary, file a motion for discovery as

explained herein.

DATED this 14th day of February, 2012.

BY THE COURT:

CLARK WADDOUPS
United States District Judge